UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EDWARD GARIANO,<br><br>Petitioner,<br><br>v.<br><br>BOARD OF PRISON HEARINGS,<br><br>Respondent. | Case No. 1:16-cv-01165-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 6).

**I.**

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving an indeterminate sentence of sixteen years to life. (ECF No. 1 at 1).[1] On June 30, 2016, Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On July 8, 2016, the matter was transferred to the Fresno Division. (ECF No. 4). In the instant petition, Petitioner challenges the determination by the Board of Parole Hearings ("Board") that Petitioner is not suitable for parole.

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If the allegations in a petition are vague, conclusory, palpably incredible, or patently frivolous or false, summary dismissal is appropriate. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75–76 (1977)). However, "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### A. Failure to State a Cognizable Claim

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). California law creates a state liberty interest in parole that is protected by the Due Process Clause. See Swarthout v. Cooke, 562 U.S. 216, 219–20 (2011). With respect to the procedures required to satisfy due process in the context of parole eligibility decisions, the Supreme Court has stated:

> When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In *Greenholtz*, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. "The Constitution," we held, "does not require more."

Cooke, 562 U.S. at 220 (quoting Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). "Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received . . ." Cooke, 562 U.S. at 222.

///

In challenging the Board's denial of parole in the instant petition, Petitioner alleges that the Board: (1) placed upon Petitioner an impossible condition in ordering therapy so that they can understand whether Petitioner's molestation at a young age is really a causative factor of his crime; (2) erroneously concluded that Petitioner is an unreasonable risk of danger to society for never having had a crisis of faith; (3) did not take into consideration the proportionality of sentences; and (4) failed to properly consider the diminished culpability of juveniles. (ECF No. 1 at 5, 7–8, 10). However, the minimal procedures required by the Constitution are that Petitioner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Cooke, 562 U.S. at 220. Petitioner does not allege that he was denied an opportunity to be heard or that he did not receive a statement of reasons why parole was denied. In fact, Petitioner attached to his petition a transcript of the Board's hearing, which shows that Petitioner spoke extensively at the hearing and contains the Board's decision with reasons why parole was denied. (ECF No. 1-1 at 35–145).

Based on the foregoing, Petitioner has failed to allege facts that state a cognizable claim for a violation of the minimal requirements of due process set forth in Greenholtz, and dismissal is warranted. A petition "should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis, 440 F.2d at 14. The Court finds that it would be futile to grant Petitioner leave to amend his petition because the transcript of the Board's hearing and decision demonstrate that Petitioner received all the process he was due.

**B.  Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

>    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>    (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

///

///

///

///

4

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;

2. The Clerk of Court is DIRECTED to CLOSE the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 30, 2016**

UNITED STATES MAGISTRATE JUDGE